UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD ROBERTS,

        Petitioner,                       CASE NO. 2:12-cv-10667

v.

                                         PAUL D. BORMAN

MICHAEL BOUCHARD,            UNITED STATES DISTRICT JUDGE

        Respondent.

_____/

## ORDER OF DISMISSAL

Petitioner Harold Roberts has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner alleges that he pleaded guilty to retail fraud in Oakland County Circuit Court and was sentenced on December 8, 2011, to nine months in jail and five years on probation. He claims that he was deprived of effective assistance of counsel and that the trial court should have granted his motion for return of a bond, allowed him to withdraw his plea, conducted an evidentiary hearing, and granted the proper amount of jail credit.

A preliminary question is whether Petitioner has exhausted state remedies for his claims. The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state court before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for

discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State . . . ." *O'Sullivan*, 526 U.S. at 845, 847. This means that a habeas petitioner must first present his or her issues to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)). "It is the petitioner's burden to prove exhaustion," *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)), and "[a]lthough the exhaustion doctrine is not a jurisdictional matter, *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000), it is a threshold question that must be resolved before [courts] reach the merits of any claim." *Wagner v. Smith*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).

Petitioner alleges that he filed a notice of appeal with the Oakland County Circuit Court and that the circuit court ignored his notice. He admits that he did not appeal to a higher state court, and he claims that he forfeited his right to appellate review by pleading guilty.

While it is true that Petitioner is not entitled to an appeal of right due to having pleaded guilty, Mich. Comp. Laws § 770.3(1)(d), he may apply for leave to appeal in the Michigan Court of Appeals and in the Michigan Supreme Court. *See* Mich. Ct. R. 7.203(B) and 7.302. Petitioner has failed to take advantage of an available state remedy

and therefore has not carried his burden of proving that he raised his claims at all levels of state court review. Accordingly, the petition for writ of habeas corpus [dkt. #1] is DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.")

The Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the Court's procedural ruling was correct or whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is further ordered that Petitioner may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 3-7-12